UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARDELA DENIS ANDREA HARRIS,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>ISRAEL JACQUEZ,<br><br>　　　　　　　　Respondent. | Case No. C22-899 JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: OCTOBER 28, 2022 |

This matter is before the Court on petitioner's failure to pay the filing fee as ordered by the Court. Dkts. 2, 3. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons discussed below, the Court recommends that the proposed petition for writ of habeas corpus be dismissed without prejudice for nonpayment of the filing fee.

## DISCUSSION

Satisfaction of the filing fee—either through payment or through a grant of *in forma pauperis* (IFP) status—is a required prerequisite to filing a complaint. Here, petitioner had filed her proposed petition for writ of habeas corpus on June 25, 2022, and was notified on June 28, 2022, that her petition was deficient. Dkt. 2. Petitioner was instructed to either pay the filing fee or submit an application for IFP by July 28, 2022. Petitioner was sent a second notice on August 18, 2022, of the same deficiency and

was given until September 19, 2022, to correct it. The Court has not received either a filing fee or an IFP application.

Because the dismissal is *without* prejudice, petitioner would be allowed to re-file her lawsuit and, at that time, pay the filing fee or submit an application for IFP.

The undersigned recommends that the Court dismiss the proposed petition without prejudice, because she has failed to file a motion to proceed IFP; she has also failed to pay the Court filing fee of $5.00.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 28, 2022, as noted in the caption.

Dated this 12th day of October, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: OCTOBER 28, 2022 - 2